**WO**

MDR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Alexander Perez-Villamarin,<br><br>Petitioner,<br><br>v.<br><br>Warden Rokosky, et al.,<br><br>Respondents. | No.    CV-26-01527-PHX-MTL (JZB)<br><br><br>**ORDER** |

Self-represented Petitioner William Alexander Perez-Villamarin, who is confined in the Eloy Detention Center, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will grant the Application to Proceed and dismiss the Petition and this action.

**I.    Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates his inmate trust account balance is less than $25.00.  Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*.  *See* LRCiv 3.5(c).

**II.    Petitioner's Current Petition**

Petitioner alleges he has been in immigration custody since November 13, 2025; had a bond hearing on January 21, 2026;[*] and the immigration judge denied bond, despite

---

[*] On December 22, 2025, Petitioner filed a § 2241 petition challenging his immigration detention.  *See Perez-Villamarin v. Noem*, CV-25-04822-PHX-MTL (JZB) (D. Ariz.).  In a January 14, 2026 Order, the Court granted the petition and ordered

Petitioner having a sponsor and "all the requiring grounds to have the bond granted" and despite his detainment being "unreasonably long." Petitioner claims he is "being detained regardless [of] his legal grounds or interests," he "has not received a meaningful individualized bond/custody hearing," and his continued detention "without timely, meaningful individualized review" is "punitive [in] nature" and violates the Fifth Amendment.

An Immigration Judge's discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Nevertheless, courts retain jurisdiction to consider claims that the legal framework governing detention fails to provide due process. *See Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024). But based on the current record, the Court cannot conclude the legal framework employed by the Immigration Judge was itself a violation of due process. "A district judge may not second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, CV-17-07124-WHA, 2018 WL 2938628, at *4 (N.D. Cal. June 12, 2018). The Court, therefore, will deny the Petition.

**IT IS ORDERED:**

(1)    Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)    The Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 9th day of March, 2026.

*Michael T. Liburdi*
_____
Michael T. Liburdi
United States District Judge

---

respondents to either provide Petitioner a bond redetermination hearing or release him from custody. On January 23, 2026, respondents notified the Court that Petitioner had received a bond hearing on January 21, 2026.

- 2 -